# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| HARVEY CANTRELL, | : | |
| Plaintiff, | : | |
| vs. | : | CA 21-0042-JB-MU |
| ROBERT WILKIE, U.S. DEPARTMENT OF VETERANS AFFAIRS, | : | |
| | : | |
| Defendant. | | |

## REPORT AND RECOMMENDATION

This action is before the Court on Plaintiff's *pro se* motion to appeal (Doc. 1) and motion to proceed without prepayment of fees and costs (*see* Doc. 2). This matter has been referred to the undersigned for pretrial disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and General Local Rule 72(a)(2)(S). Because Cantrell has requested leave to proceed without prepayment of costs and fees (*see* Doc. 2), this Court has the obligation to undertake a review of his motion to appeal pursuant to the provisions of 28 U.S.C. § 1915(e). That statute instructs courts to dismiss any action when it is determined that an *in forma pauperis* applicant's suit is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). Upon consideration of the pleadings, it is recommended that this action be **DISMISSED WITHOUT PREJUDICE**, prior to service of process, because this Court lacks subject-matter jurisdiction; therefore, Cantrell's motion to appeal is legally frivolous.[1] *Compare*

---

[1] Because this Court lacks subject-matter jurisdiction, Cantrell's motion to proceed without prepayment of fees and costs is **MOOT** (*see* Doc. 2).

28 U.S.C. § 1915(e)(2)(B)(i) *with Jackson v. Farmers Ins. Group/Fire Ins. Exchange,* 391 Fed.Appx. 854, 856 (11th Cir. Aug. 12, 2010) (discussing subject-matter jurisdiction and 28 U.S.C. § 1915(a)(2)(B)(i) frivolity).[2]

## BRIEF BACKGROUND

On January 4, 2021, the *pro se* Plaintiff filed a handwritten self-entitled motion to appeal in this Court. (Doc. 1, PageID. 1). Plaintiff appears to be seeking to appeal to this Court from a decision by a federal court in Illinois regarding his claim for VA benefits he alleged were paid in his name from 1985 to 2006 but which he never received. (*Compare* Doc. 1, PageID. 1 *with* Doc. 3).

## DISCUSSION

Federal district courts are "courts of limited jurisdiction" that are "'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution[.]'" *University of South Alabama v. American Tobacco Co.,* 168 F.3d 405, 409 (11th Cir. 1999), quoting *Taylor v. Appleton,* 30 F.3d 1365, 1367 (11th Cir. 1994); *see also Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377, 114 S.Ct. 1673, 1675, 128 L.Ed.2d 391 (1994) ("Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree[.]" (internal citations omitted)).[3] Stated differently, because federal courts are courts of limited jurisdiction "[i]t is . . . presumed

---

[2] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2.

[3] Indeed, "[f]ederal subject-matter jurisdiction is proper only when (1) a plaintiff's claim involves a federal question, or (2) there is diversity among the parties." *Davis v. Ryan Oaks Apartment,* 357 Fed.Appx. 237, 238 (11th Cir. Dec. 17, 2009), citing 28 U.S.C. §§ 1331, 1332.

that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction[.]" *Kokkonen, supra*, 511 U.S. at 377, 114 S.Ct. at 1675 (internal citations omitted). And because federal courts are courts of limited jurisdiction, a federal court "may *sua sponte* consider subject matter jurisdiction at any stage in the litigation and must dismiss a complaint if it concludes that subject matter jurisdiction is lacking." *Jackson, supra,* 391 Fed.Appx. at 856 (citations omitted); *see also Davis, supra,* 357 Fed.Appx. at 237 ("The lack of federal jurisdiction may be raised by a federal court on its own initiative at any stage in the litigation.").

Here, Cantrell's motion to appeal seeks to appeal a decision by a federal district court in Illinois to this Court. (*See* Doc. 1). This is improper, of course, because federal district courts are, by statute, courts of original jurisdiction, 28 U.S.C. §§ 1331, 1332 (both statutes address the original jurisdiction of district courts), not appellate jurisdiction, *id.* (neither § 1331 nor § 1332 mention appellate jurisdiction). Stated somewhat differently, Congress has not given this Court jurisdiction to review a decision of another district court in or outside Alabama, any more than it has granted the Eleventh Circuit jurisdiction to review decisions of district courts outside this Circuit. *See Roofing & Sheet Metal Services, Inc. v. La Quinta Motor Inns, Inc.,* 689 F.2d 982, 986 (11th Cir. 1982) ("Congress has not given us jurisdiction to review decisions of district courts outside this Circuit."). Instead, as 28 U.S.C. § 1291 makes clear, "[t]he **courts of appeals** . . . shall have **jurisdiction of appeals** from **all final decisions of the district courts** of the United States[.]" *Id.* (emphasis supplied). And § 1294(1) goes on to provide that "appeals from reviewable decisions of the district . . . courts **shall be taken** to the courts of appeals as follows: (1) From a district court of the United States to the

court of appeals for the circuit embracing the district[.]" 28 U.S.C. § 1294(1) (emphasis supplied). To the extent Cantrell desired to appeal a final decision of a federal district court in Illinois, as he appears to state (*see* Doc. 1, PageID. 1), his appeal should have been taken to the Seventh Circuit Court of Appeals, *see* 28 U.S.C. § 41 (recognizing that the Seventh Circuit is comprised of all judicial districts in Illinois, Indiana and Wisconsin), not this Court. Because this Court cannot exercise appellate jurisdiction in this matter, Cantrell's motion to appeal (Doc. 1) is due to be **STRICKEN** and this matter **DISMISSED** as frivolous, *see* 28 U.S.C. § 1915(a)(2)(B)(i), for lack of subject-matter jurisdiction.

In addition, this Court (or any federal district court) cannot exercise subject matter jurisdiction over Cantrell's claim for VA benefits. *See, e.g., Milbauer v. United States,* 636 Fed.Appx. 556, 560 (11th Cir. Jan. 29, 2016) (in affirming the district court's finding of lack of subject matter jurisdiction, the Eleventh Circuit noted the following about the Veterans Judicial Review Act: "The VJRA does not completely eliminate judicial review of benefits decisions, instead determinations of the Secretary may be appealed to the Board of Veterans' Appeals [], whose decision becomes the final decision of the Secretary. 38 U.S.C. § 7104(a). Decisions of the Board then may be reviewed exclusively by the Court of Appeals for Veterans Claims, an Article I court established by the VJRA. . . . Decisions of the Court of Appeals for Veterans Claims are in turn appealable to the Court of Appeals for the Federal Circuit. . . . A decision by the Federal Circuit is subject to certiorari review by the Supreme Court. . . . Pursuant to the VJRA, 'judicial review of a particular application of the law made by the Secretary with respect to a veteran's entitlement to benefits may be had only by appealing to the

Board, then to the Court of Veterans Appeals, the Federal Circuit Court of Appeals and the Supreme Court.'"), *cert. denied,* ___ U.S. ___, 137 S.Ct. 621, 196 L.Ed.2d 515 (2017). As *Milbauer* makes clear, federal district courts have no subject matter jurisdiction over claims regarding benefits to veterans by the VA; instead, veterans must appeal determinations of the Secretary to the Board of Veterans' Appeals, then to the Court of Appeals for Veterans Claims, the Federal Circuit Court of Appeals and the Supreme Court.

## CONCLUSION

Based upon the foregoing, it is **RECOMMENDED** that this action be **DISMISSED,** prior to service of process, for lack of subject-matter jurisdiction. *See* 28 U.S.C. § 1915(e)(2)(B)(i). Because a dismissal for lack of subject matter jurisdiction "is not a judgment on the merits[,]" it should be "entered without prejudice." *Stalley ex rel. U.S. v. Orlando Regional Healthcare Sys., Inc.,* 524 F.3d 1229, 1232 (11th Cir. 2008) (per curiam).

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. Ala. GenLR 72(c)(1) & (2). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district

court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

  **DONE** this the 3rd day of February, 2021.

          s/P. Bradley Murray
          **UNITED STATES MAGISTRATE JUDGE**